IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK STONEHAM,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-06-0446 |
| THE STATE OF TEXAS, *et al.*,<br>Defendants. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Frank Stoneham, currently incarcerated in the Fort Bend County Jail, brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. He proceeds *pro se* and *in forma pauperis*. After reviewing plaintiff's complaint and more definite statement as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be dismissed as barred by limitations.

### I. BACKGROUND

Plaintiff asserts that on January 3, 1999, while incarcerated in the Harris County Jail, he and several other inmates were lined up along a wall and ordered by Officer Munoz to place their faces and hands against the wall. Plaintiff refused to follow the order because the wall was "filthy" and "staff infected." (Docket Entries No. 1, 8.) He claims that Officer Munoz then rammed plaintiff's head into the wall, yelling at him to follow orders. Plaintiff pushed Officer Munoz away, and was sent back to the holding tank. Plaintiff claims that he then was sexually assaulted by five or six unknown men, who were acting under orders from Officer Munoz. He further alleges that Officer Munoz, a jail physician who examined

him, and the five or six men threatened to kill him if he told anyone about the incident. Seven years later, plaintiff filed this lawsuit seeking monetary compensation for the assaults.

## II. STANDARD OF REVIEW

Because plaintiff is a prisoner who proceeds *in forma pauperis*, this Court is required to scrutinize the basis of the complaint and, if appropriate, dismiss the case if the Court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b).

A district court may dismiss as frivolous the complaint of an inmate proceeding *in forma pauperis* if it lacks an arguable basis in law or fact. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under section 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2001). Under that standard, courts must assume that a plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.

## III. ANALYSIS

For purposes of this lawsuit, civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); § 16.003(a), TEX. CIV. PRAC. & REM. CODE. A district court may dismiss claims *sua sponte* under section 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. Accrual of a claim under section 1983 is determined by federal law, under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action. This means that once plaintiff's claims accrued, he had two years to file a civil rights complaint concerning his allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In the instant case, plaintiff clearly knew or had reason to know of his claims in 1999, at the time of the alleged assaults. Although plaintiff asserts that he was "threatened with death" for telling anyone what happened, he also asserts that "about 150 to 200 inmates" witnessed the assaults. (*Id.*, p. 4.) He further asserts that following the assaults, he filed charges with the Harris County physician, and filed reports with Mayor Lee Brown, the Inspector General's Office, the Attorney General's Office, the Internal Affairs Office, and the "O.C." Office. (Docket Entry No. 8, pp. 3-4.) To the extent plaintiff claims that because of the death threats he waited until he was released from Harris County Jail before filing suit (Docket Entry No. 8. p. 3), the Court notes that the docket sheets for plaintiff's lawsuits in C.A. No. H-99-cv-0266 (S.D. Tex.); C.A. No. 99-cv-0135 (S.D. Tex.); C.A. No.

99-cv-0192 (S.D. Tex.); and C.A. No. 99-cv-0267 (S.D. Tex.), show that he was released from Harris County Jail in mid-January of 1999. Plaintiff "waited" seven years to file this lawsuit, and it fails because it is untimely.

Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because plaintiff's claims are barred by limitations, this complaint is subject to dismissal as frivolous.

## IV.  CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. The Clerk is directed to provide copies of this order to the parties; to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

Signed at Houston, Texas, on this the 27th day of March, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE